# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD,**
**Employer Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-1123** (BOR Appeal No. 2053011)
                    (Claim No. 2018005073)

**EDWARD BARNETTE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Constellium Rolled Products Ravenswood, by Counsel Alyssa A. Sloan, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Edward Barnette, by Counsel Edwin H. Pancake, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 28, 2017. The Office of Judges reversed the decision in its May 18, 2018, Order and held the claim compensable for left knee and hamstring sprains. The Order was affirmed by the Board of Review on November 29, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barnette, a crane operator, injured his left knee while ascending stairs in the course of his employment on August 26, 2017. Treatment notes from Jackson General Hospital emergency department that day indicate Mr. Barnette was walking up a flight of stairs when his left knee popped and gave out. An x-ray showed mild degenerative changes. He was diagnosed with a knee sprain.

In an August 28, 2017, email, Brian Well, Mr. Barnette's coworker, stated that Mr. Barnette radioed him and stated that he was walking up stairs when his left knee locked up. Mr. Well stated that Mr. Barnette told him he did not fall or twist his knee. In an email the following day, Stephanie

1

Pullen, a claim examiner with the claims administrator, stated that Mr. Barnette reported to her that he was walking up a flight of stairs when his left knee locked up. Ms. Pullen stated that the injury was questionable because Mr. Barnette was merely walking up a flight of stairs.

Two Reports of Injury were completed in this case. On August 28, 2017, the Employees' and Physicians' Report of Injury indicates Mr. Barnette was climbing crane stairs when his knee popped and gave out. The physician's section was completed at Jackson General Hospital and the diagnosis was listed as a left knee sprain. It was noted that the injury aggravated a prior injury/disease. A second Report of Injury was completed the following day. It indicates Mr. Barnette was climbing stairs to a crane when his left knee popped and gave out. The physician's section was completed by Dr. Roush and listed the injury as left knee and hamstring sprains.

Kelly Roush, D.C., treated Mr. Barnette for left knee pain on August 29, 2017. Mr. Barnette reported that he was walking up a flight of stairs when his left knee popped and gave out. He stated that he had left knee pain, weakness, and instability. Dr. Roush fitted Mr. Barnette for a knee brace and recommended an MRI. She diagnosed left knee sprain and left hamstring sprain. A left knee MRI was performed on September 13, 2017, and showed degenerative changes and possible small tears with adjacent tendinosis.

An October 24, 2017, treatment note by Dr. Roush indicates Mr. Barnette was treated for left knee pain. He had reduced range of motion and difficulty bending. Dr. Roush diagnosed left knee sprain and posterior cruciate ligament tear. On October 31, 2017, Dr. Roush noted that Mr. Barnette aggravated his knee while mowing grass over the weekend. A surgical consultation was recommended for a posterior cruciate ligament tear. On November 2, 2017, Dr. Roush noted that the left knee was swollen and weak. She recommended a consultation for an anterior cruciate ligament tear. Mr. Barnette underwent a partial medial meniscectomy of the left knee on November 16, 2017. It was noted that he had a small posterior medial meniscus tear.

Mr. Barnette testified in a March 20, 2018, deposition that at the time of his injury, he was climbing up crane stairs and he felt a pop in his knee. At the time, he was at the 44th or 46th step, near the top. He testified that he makes that climb four or five times a shift. Mr. Barnette stated that he had no prior left knee injuries or symptoms.

The claims administrator rejected the claim on September 28, 2017. The Office of Judges reversed the decision and held the claim compensable for sprains of the left knee and hamstring in its May 18, 2018, Order. The Office of Judges determined that Mr. Barnette showed by a preponderance of the evidence that he sustained left knee and hamstring sprains in the course of and resulting from his employment. The record shows that he was climbing forty-six to forty-eight steps when his left knee popped and gave out. The Office of Judges found this to be an activity that was clearly performed in furtherance of his employment duties. Further, the steps were not a normal flight of stairs. Mr. Barnette stated he was required to climb these stairs when the injury occurred. The Office of Judges noted that this Court found in *Cox v. Fairfield Inn,* No. 14-0871, 2015 WL 3767243, at *2 (June 16, 2015) (memorandum decision), that an employee who injured her right ankle while walking down a hallway sustained a compensable injury. Lastly, the Office

of Judges noted that there was no evidence submitted from a medical expert indicating that the left knee injury was the result of a preexisting condition.

Regarding the compensable conditions in the claim, the Office of Judges found that the Report of Injury completed by Dr. Roush listed the diagnoses as left knee sprain and left hamstring sprain. There was no other medical evidence of causality submitted into the record. Though Mr. Barnette underwent surgery for a left meniscal tear, no physician of record causally connected the tear to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2008), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates Mr. Barnette was injured in the course of performing his job duties and his left knee and hamstring sprains resulted from his performance of said duties.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison